FILED

Margaret Botkins
Clerk of Court

3:59 pm, 1/25/23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KAROL DAWN MAGISTRELLI, | |
| Plaintiff, | |
| VS. | Case No. 22-CV-00250-ABJ |
| FORMER US ATTORNEY, *in his official capacity*, also known as, Zachary Fardon, et. al., | |
| Defendants, | |

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF 23] AND DISMISSING COMPLAINT ON 1915 SCREENING**

THIS CASE is before the Court on pro se Plaintiff, Karol Dawn Magistrelli's, Complaint [ECF 1] her numerous supplements [ECF 2-22], her Motion to Proceed in Forma Pauperis [ECF 23], and her Emergency Motion to Remove Judge James Block Zagel and Judge Murray Snow from the Bench [ECF 24]. Because Ms. Magistrelli seeks to proceed *in forma pauperis* in this action without the prepayment of fees, the litigation process begins with the Court screening her complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that prompt screening, even for cases involving non-prisoners, "may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits"); *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Along with her complaint in the federal court, Lister

1

concurrently filed a 'Pauper's Affidavit'. . . Thus, the district court was obliged to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e))._

Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to proceed *in forma pauperis* if she submits an affidavit that includes a statement of all the plaintiff's assets and asserting she is unable to pay the filing fee. "Section 1915(a) applies to all persons applying for IFP status, and not to just prisoners." *Lister*, 408 F.3d at 1312. Here, Ms. Magistrelli included a detailed affidavit that alleges she has no money because the various defendants are stealing it. [ECF 23 exs. 2-3] While these claims do not assist the Court in determining whether she is able to pay the filing fee, her application to proceed in district court without prepayment of fees alleges her take-home pay is $0 per month. [ECF 23] Thus, the Court grants Ms. Magistrelli's Motion to Proceed *In Forma Pauperis* and moves to the screening of her Complaint.

## *STANDARD OF REVIEW*

Courts screening a case under § 1915(e) are required to: "dismiss the case at any time if the Court determines . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

When the Court reviews a complaint for failure to state a claim, it must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

"plausibility standard" is not a probability requirement but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks omitted).

We liberally construe the filings of pro se litigants and hold them to a less stringent standard than those drafted by attorneys. *United States v. Hald*, 8 F.4th 932, 940, n. 10 (10th Cir. 2021). However, "it is not . . . the 'proper function of the district court to assume the role of advocate for the *pro* se litigant.'" *Rigler v. Lampert*, 248 F.Supp.3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).

## *ALLEGATIONS IN COMPLAINT*

Ms. Magistrelli's Complaint and numerous supplements are primarily handwritten, difficult to decipher, and consist of around 800 pages of allegations. Ms. Magistrelli filed her initial Complaint alleging the Department of Justice failed to provide or violated the rights of a crime victim under the Crime Victim's Rights Act of 2004. [ECF 1] Ms. Magistrelli alleges Zachary Fardon, the former U.S. Attorney in Chicago, forged her signature and conspired with Judge Zagel, former presidents Obama and Bush, and Congress, to steal $1.4 billion from her judgment fund. [ECF 1 p. 2] Ms. Magistrelli

3

alleges she has filed over 120,000 motions over the years and has not received any help. [ECF 1 p. 4]

After her initial complaint, Ms. Magistrelli filed twenty-one supplements. The Court read and examined each supplement. However, given the fantastical nature of the allegations, the Court will not describe them in detail.[1] In short, Ms. Magistrelli's supplements contained sadly delusional allegations against well-known politicians, Supreme Court justices, celebrities, and police departments nationwide. They largely focused upon her belief that various political families were conspiring with her ex-husband, terrorist organizations, and police departments nationwide to stalk and kill both her, and her disabled, adult daughters. [*e.g.,* ECF 3 pp. 3-43, ECF 17 p. 25] She alleged the defendants sent thousands of hitmen after her and her daughters and that one of her daughters now suffers from a seizure disorder due to repeated bludgeoning by the politicians—including former presidents. [*e.g.,* ECF 2 p. 2] She contends she is entitled to alternatively $1.4 billion or $20 billion from lawsuits and that the politicians want her and her daughters dead to collect the judgment. [*e.g.,* ECF 2 pp. 1, 3, 20-25]

## DISCUSSION

"[T]he *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504

---

[1] For example, Ms. Magistrelli alleges: "Rebekah [her daughter] is a [illegible] disabled adult 26 almost 27 y/o but has the mind of a child due to repeated daily bludgeonings by Michael Horowitz, Alexandria Ocasio Cortez, President Biden, President Trump who still hires at least one hit man a day for Karol & her daughters and Trump told everyone on more that one occasion he was going to kill Rebekah 'today.'" [ECF 2 p. 2]

4

U.S. 25, 32 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)). The Supreme Court explained clearly baseless contentions include "claims describing fantastic or delusional scenarios." *Id.* (internal quotations omitted). The claims in Ms. Magistrelli's Complaint and supplements are clearly fantastical, delusional, and not based in reality.

Beyond being delusional, Ms. Magistrelli's claims could be dismissed for myriad other reasons. The Court includes the following examples. Ms. Magistrelli alleges in her supplements that the Defendants violated several provisions of Title 18 of the United States Code. Title 18 is a criminal code and, generally, cannot be enforced by an individual through a civil suit. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Courts look to the language and intent of a statute to determine whether a private cause of action exists because "private rights of action to enforce federal law must be created by Congress." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 902 (10th Cir. 2017) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 275 (2001)). Congress did not create a private right of action for most of the criminal statutes cited by Plaintiff. Further, while Ms. Magistrelli does allege claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), and 18 U.S.C. § 1030, which allow private rights of action, 18 U.S.C. § 1964; 18 U.S.C. § 1030(g), the claims are conclusory and outlandish—falling far short of the required plausibility standard. *Iqbal*, 556 U.S. at 678.

Ms. Magistrelli's asserted *qui tam* actions are "meritless because *qui tam* actions cover 'fraudulent attempts to cause the *Government to pay out* sums of money.' By

contrast [Ms. Magistrelli] alleges only that the defendants have improperly deprived [*her*] of sums in excess of" one [b]illion dollars." *Andrews*, 483 F.3d at 1070 n. 6.

Many of Ms. Magistrelli's claims are against judges and it is "well established that '[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.'" *Andrews*, 483 F.3d at 1076 (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)). Several of Ms. Magistrelli's claims are against judges performing judicial acts and thus, the judges are entitled to absolute immunity. *Id.*

Ms. Magistrelli makes numerous allegations against her ex-husband and other defendants in relation to her divorce and the custody of her disabled adult daughters. Federal courts "lack jurisdiction over domestic-relations cases." *Alfaro v. County of Arapahoe*, 766 Fed. Appx. 657, 659 (10th Cir. 2019) (unreported) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that federal courts lack power "to issue divorce, alimony, and child custody decrees."). Thus, the Court does not have jurisdiction over these claims.

In several of her supplements, Ms. Magistrelli asserts to be bringing claims on behalf of her and her daughters. "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. '[B]ecause pro se means to appear for one's self, [however,] as person may not appear on another person's behalf . . . [;]' rather, a 'person must be litigating an interest personal to him.'" *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) (quoting *Iannaccone v. Law*, 142 F.3d 552, 558 (2d

Cir. 1998)). Thus, as a pro se plaintiff, Ms. Magistrelli cannot bring claims on behalf of her daughters.

## *CONCLUSION*

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts to contradict them." *Denton*, 504 U.S. at 33. Here, Ms. Magistrelli's claims are irrational and wholly incredible. Further, for the reasons discussed above, many of Plaintiff's claims fail under Rule 12(b)(6).

**NOW, THEREFORE, IT IS ORDERED**, Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF 23] is **GRANTED.**

**IT IS FURTHER ORDERED**, Plaintiff's case is **DISMISSED WITH PREJUDICE** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED**, Plaintiff's pending "Emergency Motion" [ECF 24] is **DENIED AS MOOT.**

Dated this 25th day of January, 2023.

Alan B. Johnson
United States District Judge